# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>FREDDIE FUENTES-MORENO [3],<br><br>**Defendant.** | **Criminal No.** 17-167 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Defendant Freddie Fuentes-Moreno ("Fuentes") moves to withdraw his guilty plea. (Docket No. 119.) For the reasons set forth below, the Court **DENIES** Fuentes's motion.

I. Background

On February 4, 2017, Fuentes, José Cabret-Pacheo, Emilio José Soto-Maldonado, and Luis Ramos-Marrero (collectively, "defendants") robbed a Puma gasoline station and an El Económico supermarket. (Docket Nos. 101, 102, 113 and 116.) Subsequently, a federal grand jury returned a second superseding indictment charging the defendants with two counts of robbery in violation of 18 U.S.C. § 1951, two counts of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and one count of possessing a firearm and ammunition after being convicted of a crime punishable by a term

of imprisonment exceeding one year in violation of 18 U.S.C. § 922(g)(1). (Docket No. 65.)[1]

Fuentes and the United States entered into a plea agreement on June 11, 2018. (Docket No. 114.) The next day, Fuentes pled guilty to both robbery counts of the second superseding indictment. Id. at pp. 1—2; Docket No. 113. The United States moved to dismiss the remaining firearm-related counts. (Docket No. 113.) As of this date, all defendants have pled guilty and are awaiting sentencing. (Docket Nos. 101, 102, 113 and 116.)

Fuentes seeks to withdraw his guilty plea for two reasons. (Docket No. 119.) First, Fuentes asserts that the deadline to request a change of plea pressured him to accept the plea agreement. Id. Second, Fuentes challenges the plea agreement because the stipulation of facts refers to his codefendants. Id. The arguments set forth by Fuentes are unavailing.

## II. Discussion

Federal Rule of Criminal Procedure 11 ("Rule 11") permits a defendant to withdraw a guilty plea after the Court accepts the plea, but prior to sentencing, if he or she "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P.

---

[1] The grand jury returned the indictment the superseding indictment on March 9, 2017 and November 14, 2017, respectively. (Docket Nos. 3 and 36.) Defendant Soto-Maldonado was charged with one of the robbery counts, and was not charged as a felon in possession of a firearm.

11(d)(2)(B).  "[A] defendant does not have an automatic right to withdraw a plea [prior to sentencing]."  United States v. Pagán-Ortega, 372 F.3d 22, 28 (1st Cir. 2004).  Pleas entered in accordance with Rule 11 "create an extremely heavy burden for a defendant to overcome."  United States v. Fernández-Santos, 126 F. Supp. 3d 160, 164 (D.P.R. 2015) (Besosa, J.) (citation omitted).

To determine whether withdrawal of a defendant's guilty plea is fair and just, courts consider:  "whether the plea was voluntary, intelligent, knowing and in compliance with Rule 11; the strength of the reasons offered in support of the motion; whether there is a serious claim of actual innocence; the timing of the motion; and any prejudice to the government if the withdrawal is allowed."  United States v. Isom, 580 F.3d 43, 52 (1st Cir. 2009) (citing United States v. Padilla-Galarza, 351 F.3d 594, 597 (1st Cir. 2003).  No one factor is dispositive.  Id.

**A.  No Fair and Just Reason Supports the Withdrawal of Fuentes's Guilty Plea**

At the change of plea hearing, Fuentes "was advised of the maximum penalties he [faced], his constitutional rights, the consequences of waiving his constitutional rights and the applicable statutory guidelines."  (Docket No. 116.)  Fuentes "understood the charges against him and the spectrum of possible penalties to which an admission of guilt [would] expose him."  Id.;

United States v. Jiménez, 512 F.3d 1, 3-4 (1st Cir. 2007) (noting that "[a] defendant's acknowledgment, during a change-of-plea proceeding, that he understands a lucid explanation of his potential sentencing exposure is powerful evidence of the knowing nature of his guilty plea").  Accordingly, the representations Fuentes made to the Court during his change of plea hearing demonstrate that his guilty plea was voluntary, intelligent and knowing.  He does not dispute this proposition.

Fuentes nonetheless argues that because the United States tendered its final plea offer the night before the deadline for change of plea motions, he had only the day of the change of plea hearing to review the plea agreement.  (Docket No. 119 at p. 1.)  Time constraints, however, are inherent in all plea negotiations between the United States and criminal defendants. Indeed, "the strategic decision to plead guilty [is] not rendered involuntary by the anxieties and time pressures confronting [defendants] . . . and hardly exceptional enough to evince an overbearing of [his or her] will or . . . [to] preclude[] a rational assessment of the available options."  United States v. Marrero-Rivera, 124 F.3d 342, 350 (1st Cir. 1997) (affirming denial of defendant's motion to withdraw his guilty plea "even though [defendant] was still inclined to go to trial within an hour or so before the deadline for changing his plea") (internal quotation

omitted); citing United States v. Muriel, 111 F.3d 975, 981 (1st Cir. 1997) ("This court has not allowed defendants, absent coercion or mistake, to renege on a plea agreement on the basis that they have miscalculated their risks and benefits or have belatedly discovered a new defense."). No statute, rule or precedent precludes the United States from imposing deadlines on defendants in the context of plea negotiations. Tellingly, although Fuentes maintains that he felt "pressured," he sets forth no claim that the United States exerted coercion or overcame his will. (Docket No. 119.) Accordingly, any stress that Fuentes experienced in connection with negotiating a plea agreement cannot form a valid basis for withdrawing his guilty plea.

Fuentes's argument pertaining to the stipulation of facts in his plea agreement is equally unpersuasive. (Docket No. 119.) Citing no authority, Fuentes claims that withdrawal of his guilty plea is proper because the names of his codefendants appear in the stipulation of facts. Id. at p. 2. Fuentes proposes that the parties amend the plea agreement to replace "co-defendants" with "others," because fellow "inmates interpret the language of the plea agreement as one of someone who has cooperated with the government." Id. at p. 2. The Court will not allow Fuentes to withdraw his plea agreement because he surmises that others may identify him as someone who is cooperating with authorities. The

Criminal No. 17-167 (FAB)                                              6

names of his co-defendants do not appear in the stipulation of facts.  If Fuentes is concerned that other inmates may believe he cooperated with the government (which he didn't), he must raise this concern with the appropriate authorities.  Because Fuentes presents no fair or just reason to withdraw his guilty plea, his motion is **DENIED**.

**II. CONCLUSION**

For the reasons set forth above, Fuentes's motion to withdraw his guilty plea is **DENIED**.  (Docket No. 119.)  Sentencing remains set for September 11, 2018.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 7, 2018.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE